# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2966

_____

Andre Quinn Bell,                                   *
                                                    *
            Appellant,                              *
                                                    *   Appeal from the United States
     v.                                             *   District Court for the
                                                    *   Southern District of Iowa.
Constance L. Price, in her individual               *
capacity only; Dr. John Campbell, in                *   [UNPUBLISHED]
his individual capacity only; Phil T.               *
McCollum, in his individual capacity                *
only,                                               *
            Appellees.                              *

_____

Submitted: April 26, 2010
    Filed: May 12, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Andre Bell appeals the district court's[1] order dismissing, as barred under the
Rooker-Feldman[2] doctrine, his complaint against personnel of the Iowa Board of

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern
District of Iowa.

[2]See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Ct. of
Appeals v. Feldman, 460 U.S. 462 (1983).

Dental Examiners ("the Board"). In his complaint, Bell asserted, inter alia, violations of his constitutional rights (including his rights to due process and equal protection), a civil Racketeer Influenced and Corrupt Organizations Act violation, and Fair Debt Collection Practices Act violations, arising from the Board's investigation and discipline of Bell.

Following careful de novo review of the record, we find no basis for reversal. See Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc., 487 F.3d 1154, 1156 (8th Cir. 2007) (de novo review of district court's dismissal for lack of subject matter jurisdiction; "Rooker-Feldman doctrine prohibits lower federal courts from exercising appellate review of state court judgments"); see also Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 477 ("A judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. . . . [T]he nature of a proceeding depends not upon the character of the body but upon the character of the proceedings." (quotations omitted)). Accordingly, the judgment of the district court is affirmed. See 8th Cir. R. 47B.

_____